816 F.2d 682
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William A. STAUBS, Jr., Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 86-3415.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1987.
 
 Before ENGEL, KRUPANSY and GUY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff appeals from a denial of social security benefits. Upon a review of the record, we find there is substantial evidence to support the Secretary's denial of benefits and accordingly, we affirm.
 
 I.
 
 2
 Staubs, who was 52 years old at the time of the hearing, chiefly complains of dizziness, pain, leg cramps, shortness of breath, and hot and cold spells. He has been diagnosed as suffering from probable intracranial arteritis and possible early collagen vascular disease. Prior to 1979, Staubs had worked regularly for 23 years at the Ford Motor Company, primarily as a fork lift and tow truck driver. From 1963 to 1979, he also moonlighted in his own trucking business. The plaintiff is married to a licensed practicing chiropractor and they have five grown children.
 
 
 3
 Apparently the plaintiff was singularly free of any serious medical problems until June of 1979, when he suddenly started having debilitating headaches. He was hospitalized for testing, and intracranial arteritis was documented by four vessel cerebral arteriography. He was treated with Prednisone. A repeat arteriogram taken in January of 1980 was within normal limits and showed no evidence of intracranial arteritis. Although the Prednisone eliminated the headaches, Staubs had problems with side effects from the steroids and his dosage was significantly cut back. This produced some additional steroid withdrawal problems. At the time of the hearing, Staubs was taking five milligrams a day of Prednisone which was effective insofar as headaches were concerned and did not appear to be causing side effects although Staubs continued to complain of dizziness, cramps, and pain.
 
 II.
 
 4
 It is difficult to square Staubs' medical history with the issue he raises on appeal. Staubs defines the issue in this case to be:
 
 
 5
 Do symptoms which are known side effects of a particular therapy upon which it is necessary for a Social Security claimant to be maintained require further independent and/or objective evidence in order to form the basis for a finding of disability.
 
 
 6
 (Appellant's Brief at 2).
 
 
 7
 Although the wording of the issue is somewhat cryptic, it is clear from the brief that he feels that his problems are all Prednisone side effects and that because one can document the possible side effects of Prednisone from sources such as Merck's Manual, the administrative law judge (ALJ) should not "require further independent and/or objective evidence."
 
 
 8
 There are several problems with this argument, but one need go no further with it than to note that Staubs apparently misunderstands the ALJ's ruling or the medical record or both. There is nothing in the medical record to support the proposition that Staubs' current complaints relate in any way to his now stabilized daily dosage of Prednisone. In fact, claimant himself makes no such claim.
 
 
 9
 Q No. Reading through the medical, at least it appears that through the medical that was in the documentary record, that Pretezone [sic] has been what--has enabled to you control your situation--
 
 
 10
 A That's the only thing that they said that could control my system at the time, yes sir.
 
 
 11
 Q Do you have any--any other effect from it? Does it--
 
 
 12
 A Well--
 
 
 13
 Q Make you go to the bathroom, make you vomit or anything like that?
 
 
 14
 A No sir, at this point it doesn't. I get dizzy spells, but I can't say whether the Pretezone [sic] is causing it or whether the--the spell that I had which has brought all of this on, I don't know really.
 
 
 15
 (App. 28-29).
 
 
 16
 The ALJ concluded that the only effect of the Prednisone was beneficial when he found that Staubs' "symptoms are controlled on Prednisone." (App. 13). Therefore, the entire discussion of the quantum of proof necessary to support a disability based on the side effects of a necessary medication is academic.
 
 
 17
 Staubs' problem, both as it relates to his health and his social security claim, is that he is somewhat of a medical mystery with no diagnosis which adequately explains his problems. In such cases the only avenue left open to the ALJ is to look closely at what a claimant appears capable of doing by considering such things as his daily routine and rely, at least in part, on his own personal observation of the claimant. When the record is reviewed in this light, we conclude, as did the ALJ, that:
 
 
 18
 While a return to his past heavy manual labor may be contraindicated, there is no medical evidence in the record to suggest that claimant could not perform sedentary or light work activity on a sustained basis.
 
 
 19
 (App. 12).
 
 
 20
 AFFIRMED.